Per CuRiam :
The findings in the above-entitled cause were filed December 12, 1904, and certified to the President of the Senate pro tempore December 15, 1904. Thereafter, on June 28, 1906, the United States Senate passed the following resolution:
“Whereas on the fifteenth day of December, nineteen hundred and four, the Court of Claims made report to the President of the Senate pro tempore in the case of James Davison, brevet captain, United States Army, retired, consisting of a certified copy of the findings filed by the court in the aforesaid cause, which had been referred to said court by a resolution of the Senate of the United States under the act of March third, eighteen hundred and eighty-seven. The bill so referred by the said resolution of the Senate on the twenty-seventh day of June, nineteen hundred and four, was S. 1588, Fifty-seventh Congress, first session, and related to the claim of James Davison, who was a brevet captain in the United States Army, retired, for longevity pay, in accordance with the act of June eighteenth, eighteen hundred and seventy-eight, Twentieth Statutes at Large, page one hundred and fifty. An official copy of said report is embodied in Senate Document Numbered Fifty-eight, Fifty-eighth Congress, third session, which is hereto attached and made a part hereof. In concluding its finding the court said: ‘If *314 said act is to be considered as retroactive, then the above balance shown would be the correct amount due; but if not, then there is nothing due: ’ Therefore be it
“ Resolved by the Senate of the United States, That the said report of the said Court of Claims be referred to the said court, with directions to amend its said report by stating whether or not the said act of June eighteenth, eighteen hundred and seventy-eight, Twentieth Statutes at Large, page one hundred and fifty, ought to be considered as retroactive for the purpose of this case and report at the next session of the Fifty-ninth Congress.”
By the resolution the court is asked to amend the findings so certified “ by stating whether or not the said act of June 18, 1878, 20 Stat. L., p. 150, ought to be considered as retroactive for the purposes of this case.”
It will be observed that the court .is asked to embody in the findings a question of law, i. e., whether or not the said act of June 18,1878, is retroactive, while by section 14 of the act of March 3, 1887 (24 Stat. L., 505), under which the claim was referred, the court’s jurisdiction is, in express terms, limited to the findings of fact. Under the reference, therefore, the act was satisfied when the court caused the findings so made to be certified to. Congress.
There is no contention that the findings so certified were based on false or fraudulent testimony; and as the reference of the claim is based alone on the action of the Senate by the resolution referred to independent of section 14 of the act of March 3,1887, the court is without authority to amend the findings in conformity with the said resolution, and, therefore, the findings as originally made must stand.
But for the information of Congress we will say that on a like state of facts in the case of James Stewart under the special act of February 19, 1897 (29 Stat. L., 809), which operated to remove the bar of the statute of limitations as well as to confer upon the court jurisdiction to determine the claim, the court rendered a judgment in the claimant’s favor, from which no appeal was taken.
It is ordered by the court that said findings as originally made be recertified to Congress together with a copy of this opinion.